**Opinion filed July 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00367-CR

_____

## ISAAC JAYST VELA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 22-8955**

## M E M O R A N D U M   O P I N I O N

Appellant, Isaac Jayst Vela, pled guilty to theft of a firearm, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(C) (West Supp. 2025). The trial court placed Appellant on deferred adjudication community supervision for a period of four years.

The State subsequently moved to adjudicate Appellant's guilt. The State alleged that in violation of Rule 4 of the rules of community supervision, Appellant

tested positive or admitted to substance use on or about March 8, 2023, April 3, 2023, April 29, 2023, May 1, 2023, June 5, 2023, June 28, 2023, July 5, 2023, July 6, 2023, July 10, 2023, July 25, 2023, October 4, 2023, and October 31, 2023. The State additionally alleged that Appellant failed to report by mail or online March 2023 through October 2023 and in person November 2023 through July 2024 in violation of Rule 7 of the rules of community supervision. Appellant was also alleged to have failed to pay various fees in violation of Rule 14, 16, 17, 18, and 22 of the rules of community supervision; perform community service hours in violation of Rule 20 of the rules of community supervision; successfully complete the treatment alternative to incarceration program in violation of Rule 21 of the rules of community supervision; and successfully complete a drug awareness class in violation of Rule 24 of the rules of community supervision.

At a hearing on the State's motion, Appellant pled "true" to all the allegations. Upon the conclusion of the hearing, and having considered the evidence presented, the trial court found every allegation in the State's motion to be "true," adjudicated Appellant guilty, and imposed a sentence of two years' imprisonment in the State Jail Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a

petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant did not file a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the brief and the record, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, Appellant pled "true" to all the violations alleged, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the

trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.